12736

## CONESTEE MILLS v. CITY OF GREENVILLE

(149 S. E., 595)

*Mr. B. A. Morgan,* for appellant,

*Messrs. William G. Sirrine,* and *B. F. Martin,* for respondent,

September 23, 1929.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by Conestee Mills, a corporation of the State of South Carolina, in its own behalf and in behalf of citizens and residents of the village of Conestee, as plaintiffs, against City of Greenville, a municipal corporation of the State of South Carolina, with its principal place of business in the City and County of Greenville, State of South Carolina, as defendant, was commenced in the Court of Common Pleas for Greenville, August 25, 1925. The case comes to this Court on appeal from an order issued by his Honor, Judge

William H. Grimball, in passing upon a demurrer to the complaint interposed by the defendant. For the purpose of a clear understanding of the questions involved in the appeal, we quote herewith the allegations of the complaint in full, as follows:

"1. Plaintiff, Conestee Mills, is a corporation of the State of South Carolina, engaged in the manufacture of cotton goods, ginning cotton for the public, operating a public warehouse for the storage of cotton, and a store for sale of general merchandise, with its principal place of business at Conestee, in the County of Greenville, State of South Carolina. Plaintiff employs about three hundred people, who live with their families in the village. Plaintiff is a lower riparian owner situated on Reedy River, about seven miles below said City of Greenville, which stream flows through the village of Conestee.

"2. Defendant is a municipal corporation of the State of South Carolina, in the County of Greenville, with a population of approximately thirty thousand people.

"3. Defendant is now and has been for a number of years discharging its raw or untreated sewerage into Reedy River and tributaries thereof, consisting of human fecal and other waste matter, kitchen washings from homes, hotels, hospitals, restaurants, meat and vegetable markets, stores, dye houses, gas plants, laundries, packing houses, garages, slaughter pens, plants for the disposal of the carcases of animals that have died from disease, waste from undertaking establishments, much of such drainage in a decaying or putrid condition. By reason of the conduct of the defendant the water has become so foul and contaminated as to be a source of disease and a constant peril to the health and lives of the operatives of Conestee Mills, the plaintiff herein, and plaintiff brings this action not only for the protection of its property but of its employees who reside in said village and work in plaintiff's cotton factory, and who cannot perform labor under unsanitary conditions such as

now exist. In consequence of these acts the waters of Reedy River have become so polluted that they are unfit for use in connection with the operation of plaintiff's property, except to operate the water wheel, and plaintiff has, at great expense, had to procure water from other sources.

"4. At Conestee plaintiff has a dam for the purpose of impounding the waters of Reedy River, to produce power. Under normal conditions the area of the pond is about one hundred and ten acres. The sewerage from the City of Greenville is nearly all accumulated and deposited along the banks of said pond on plaintiff's land. The dam and its predecessors in the same position has been in existence for more than seventy-five years. The dam and pond were in existence before the City of Greenville began the practice of dumping raw or untreated sewerage into Reedy River. The pond has been used also for the pleasure of the people in boating, bathing and fishing. The fishing has been the source of great profit, but on account of the vast quantity of sewage being discharged by the City of Greenville, the fish have been killed, and those that have survived are rendered unfit and dangerous for use as food.

"5. As new buildings are erected in City of Greenville and additional connections made with the sewer system, all of which connections discharge raw or untreated sewerage in the waters of Reedy River and its tributaries, the quantity is being increased from day to day. The odors and vapors from Reedy River have become so foul and offensive as to be a menace to human life and health. Plaintiff is being and has been for years deprived unlawfully of its rights in the property on Reedy River by reason of the acts above set forth. Defendant has never asked for or obtained the consent of plaintiff to deposit sewerage in Reedy River or its tributaries. Plaintiff has demanded that the practice be discontinued and that something be done to remedy the present situation, but these have been refused, and the right of plaintiff to compensation is denied.

"6. That plaintiff has repeatedly notified the City of Greenville of the damages caused by discharging its sewerage into Reedy River and its tributaries, but no steps have been taken to abate the nuisance. The defendant's method of disposing of sewerage is antiquated and dangerous, and the lives of the citizens of Greenville County residing along Reedy River near where the sewerage is dumped down to and below the pond and dam of plaintiff, are menaced, threatened and endangered constantly by the failure and neglect of the defendant to treat and purify the sewerage with adequate modern septic tanks whereby the noxious and poisonous qualities may be eliminated or greatly reduced. In failing to treat the sewerage defendant has been guilty of gross negligence and is making an unreasonable and unlawful use of Reedy River and its tributaries, and infringing upon the rights of plaintiff who is entitled to have the stream flow through its land, pure and uncontaminated as it was wont to flow.

"7. Plaintiff and the citizens of its village have suffered and continue to suffer irreparable damage, in that the health and lives of its employees and their families are imperiled by the acts of defendant. The employees of plaintiff are threatening to leave plaintiff's machinery idle and cause plaintiff loss and damage.

"8. The acts of the defendant as hereinabove specified are grossly negligent and constitute an unlawful use of the stream, and deprive plaintiff of its right to carry on its manufacturing and other work in which it has been peaceably and lawfully engaged for many years. It has suffered damage generally, in the bad reputation which has been given to its property throughout the whole of the United States, and it could not today obtain in the markets for its plant anything like the amount which it could have obtained before these practices on the part of the defendant began. Its value as a manufacturing plant depends very largely upon the health of its employees and upon the reputation of the village

for being a healthy and pleasant place to live, and by reason of the acts of the defendant as aforesaid the village of Conestee has been given a name throughout the South which is causing its employees to become dissatisfied and will make it increasingly difficult to obtain other employees. It has caused a falling off in the production of cloth, entailing large losses. A new water supply has been obtained for the air moisteners, for sizing, for the sprinklers and flushing, because of the foul conditions of the water of Reedy River, which up to a few months ago was used for these purposes. The cattle and stock belonging to plaintiff refused to drink the water, thus requiring another supply for them, and in many other ways the acts of the defendant have caused the plaintiff loss and damages, all in the sum of one hundred thousand dollars.

"Wherefore plaintiff demands judgment against defendant as follows:

"For damages in the sum of one hundred thousand dollars.

"For an order enjoining and restraining the City of Greenville from making additional connections with its sewer lines.

"For an order requiring the City of Greenville to install immediately a modern sewerage disposal plant, and failing to do so that it be enjoined and restrained from discharging any sewerage whatever into the waters of Reedy River and the tributaries thereof.

"For such other and further relief as to the Court shall seem just and proper."

It appears from the transcript of record in the case that the defendant duly answered the complaint and made return to the rule to show cause in the matter of injunction, which matter was heard by his Honor, Judge M. M. Mann, and the prayer for injunction refused. It appears that no appeal was taken from the order refusing the injunction. Before the case was called for trial the defendant interposed the following demurrer:

"The defendant demurs to the complaint herein on the ground that it does not state facts sufficient to constitute a cause of action, in that

"(a)  The complaint does not conform to the requirements of Subdivision 1 of Section 399 of Vol. 1, Code of Laws of South Carolina, 1922—the names of the parties plaintiff to the action not being contained in the complaint.

"(b) There is no averment of the reasons and necessity of bringing it in the name of one for the benefit of all.

"(c) The allegations of the complaint nowhere allege any injury or liability by the defendant to 'the citizens and residents of the village of Conestee.'

"(d) The allegations of the complaint allege separate and distinct damages to Conestee Mills, wholly different to those alleged on the part of 'its employees.'

"(e) There is no allegation in the complaint that its (the plaintiff's) 'employees' constitute the 'citizens' of the village of Conestee.

"(f) The allegations of injury to the 'employees' aver a different sort of damage alleged to have been suffered by the corporation plaintiff.

"(g) The allegations of the complaint show damage differing in kind and degree, that is, the 'employees' suffer one kind of injury impossible to be suffered by the corporation and the corporation suffers injury impossible to be suffered by the 'employees.'

"(h) The plaintiffs join in a single action.

"(i) The complaint does not state what part of the common damage is the share of Conestee Mills nor what is the share of the citizens and residents of the village of Conestee."

The demurrer was heard by his Honor, Judge William H. Grimball, at the April, 1928, term of Court for Greenville County, who after the hearing of the same issued the following order:

"Upon hearing argument:

"It is ordered: That the demurrer as to all parties plaintiff, except Conestee Mills, a corporation, be and it is hereby sustained and the alleged cause of action for all such other parties be and it is hereby dismissed and stricken out.

"Further ordered: That the plaintiff have ten days from the date of this order within which to amend the complaint of Conestee Mills, a corporation, and that the defendant have twenty days after the service of such amended complaint within which to answer same."

From this order of Judge Grimball the defendant has appealed to this Court upon the following exceptions:

### "COMPLAINT VOID—NOTHING TO AMEND

"1. His Honor erred in not sustaining the demurrer as a whole. He should have held that the complaint did not conform to Section 399, Volume 1, Code of Laws of South Carolina, 1922, in that the names of parties plaintiff were not set out in the complaint, nor were there any averments as to the reasons or necessity of bringing the action in behalf of persons not named; that there was no valid complaint, nothing to amend.

### "NUMEROUS PERSONS OF DIVERSE INTERESTS—JOIN IN A SINGLE ACTION

"2. The plaintiff, Conestee Mills, purported to ask relief for itself and 'citizens and residents' of the village of Conestee. The complaint alleged the character of the consequences, interlocked and interwoven. As valid a cause of action alleged in the one class as in the other. His Honor erred in holding that the Court could (and did) make the separation, that is, elect which to retain. He should have dismissed the complaint.

"3. The mill and all of its neighbors join in a single action. The alleged damages to the mill is physical—to all the others, is to the person—distinct and disconnected interests. His

Honor erred in sustaining the demurrer in part and overruling it in part. He should have dismissed the complaint.

"THE ALLEGED CAUSES OF ACTION ARE INSEPARABLE

"4. The mill and all of its neighbors join in one action, alleging a lump sum to have been suffered; no allegation as to what share of the common fund belongs to Conestee. The damage asked is for a mingled or mixed injury to mixed and mingled sufferers. His Honor should have dismissed the complaint instead of making it possible for plaintiffs to abort and by amendment, as it were, bring forth, not a multitude of the species, but a single offspring from a multitude of species."

In our opinion his Honor, Judge Grimball, issued the proper order in the cause. The exceptions are therefore overruled, and it is the judgment of this Court that the order appealed from be and the same is hereby affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.